IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| -vs- | ) | Criminal No. 08-374 |
| | ) | Civil No. 19-1118 |
| | ) | |
| ERIC ALFORD, | ) | |

## MEMORANDUM ORDER

Pending before the court is a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(f)(4) (ECF No. 1255) filed by Eric Alford ("Alford" or "defendant"). Also pending is the government's motion to dismiss Alford's motion, as an unauthorized successive § 2255 motion (ECF No. 1261).

Factual and Procedural Background

Alford pled guilty to a cocaine and crack cocaine conspiracy and attempt. On August 19, 2011, he was sentenced to 240 months in prison at each count, to run on a concurrent basis. He did not file a direct appeal.

Alford filed his first § 2255 motion (ECF No. 1131), in June 2017. Alford recognized that the motion, filed almost six years after his sentence, would ordinarily be untimely but contended that his motion was timely because it was filed within one year of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). (ECF No. 1131 at 2). On November 21, 2017, the court issued a memorandum opinion and order (ECF No. 1148) dismissing Alford's first § 2255 motion as untimely and denied a certificate of appealability.

Alford filed the pending, second § 2255 motion on September 3, 2019. In the motion, he contends that his trial counsel committed a fundamental miscarriage of justice by failing to

challenge a 2008 wiretap application as improper on its face. He contends that the motion is timely because it involves an (unspecified) new fact. Importantly, Alford did not provide a certification from the Third Circuit Court of Appeals which authorized him to file a second § 2255 motion.

Legal Analysis

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. That right is subject to stringent procedural and substantive requirements that an applicant must satisfy in order to file a second or successive § 2255 motion with a district court. *Mendoza v. United States*, No. CR 06-167, 2017 WL 1293575, at *2 (W.D. Pa. Apr. 6, 2017). In particular, as applicable to this case, 28 U.S.C. § 2255(h) requires a petitioner to obtain certification from the appropriate court of appeals *before* filing a second or successive § 2255 motion. *Id.* (emphasis in original). The court of appeals, not the district court, must certify that the second § 2255 motion meets the statutory requirements. The statute provides, in relevant part:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

District courts lack subject-matter jurisdiction to consider an unauthorized second or successive § 2255 motion. *Mendoza*, 2017 WL 1293575, at *2 (citing *In re Olabode*, 325 F.3d 166, 169 (3d Cir. 2003); *Lugo v. Zickefoose*, 427 F. App'x 89, 92 (3d Cir. 2011) ("We also agree

with the District Court's ultimate conclusion that it lacked subject matter jurisdiction over the petition, treated as a second or successive § 2255 motion."). In sum, if Alford does not show that he already obtained authorization from the Third Circuit Court of Appeals to file a second or successive § 2255 motion, this court is not empowered to decide the motion.

In *Mendoza*, the court explained that once the court determines that a petitioner's filing is an unauthorized second or successive § 2255 motion, it may proceed by either (1) dismissing the motion for lack of subject-matter jurisdiction, or (2) transferring the motion to the court of appeals pursuant to 28 U.S.C. § 1631 for consideration as an application to file a second or successive petition. *Id*. (citing *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)). In deciding which option to implement, the court should evaluate whether the petitioner has alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255(h) (i.e., newly discovered evidence or a new rule of constitutional law).

In this case, Alford's theory is based on an alleged "new fact." He points to the face of a wiretap authorization that was issued over ten years ago, in 2008. (ECF No. 1255, exhibit 1). The signatures have not changed. Alford points to nothing "new." He does not explain why those signatures were not obvious from an exercise of due diligence in reviewing the documents or why his motion could not be presented until December 2019. There is no reason to conclude that even if this fact was "new," that no reasonable jury would have found Alford guilty in light of the evidence as a whole. Because Alford's motion is highly unlikely to fit within the gatekeeping requirements, transfer to the court of appeals is not warranted. The motion will be dismissed for lack of subject-matter jurisdiction. In addition, Civil Action No. 19-1118 will be marked closed.

The court notes, but does not reach, the government's alternative argument that in his plea agreement, Alford waived his right to file any § 2255 motion. The government seeks to enforce

that provision of the plea agreement. Because the court determined, as explained above, that the motion will be dismissed for lack of subject-matter jurisdiction, it need not resolve this contention. The court also does not need to resolve whether the wiretap was, in fact, duly approved by an authorized designee of the Attorney General.

Conclusion

For the foregoing reasons, defendant's second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 1131) will be denied because this court lacks subject-matter jurisdiction. The government's motion to dismiss Alford's motion, as an unauthorized successive § 2255 motion (ECF No. 1261) will be granted.

Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Alford has not met this standard.

An appropriate order will be entered contemporaneously with this opinion.

January 14, 2020.

BY THE COURT:

/s/Joy Flowers Conti
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
        -vs- )        Criminal No. 08-374
)        Civil No. 19-1118
)
ERIC ALFORD, )

## ORDER

AND NOW, on this 14th day of January, 2020, for the reasons set forth in the
accompanying memorandum opinion, IT IS HEREBY ORDERED that Eric Alford's second
motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 1255) is
DENIED because this court lacks subject-matter jurisdiction. The government's motion to dismiss
Alford's motion, as an unauthorized successive § 2255 motion (ECF No. 1261), is GRANTED.

No certificate of appealability shall issue. Civil Action No. 19-1118 shall be marked
closed.

BY THE COURT:

/s/Joy Flowers Conti
Senior United States District Judge